IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


**ARKANSAS RURAL MEDICAL PRACTICE**                                             **PLAINTIFF**

V.                                        **CASE NO. 4:09CV00823 JAM**

**BRETT NELSON, M.D.**                              **DEFENDANT/COUNTER-CLAIMANT**

V.

**ARKANSAS RURAL MEDICAL PRACTICE**
**LOAN AND SCHOLARSHIP BOARD**                          **COUNTER-DEFENDANT**

**ORDER**

Defendant removed the above styled case pursuant to 28 U.S.C. § 1441 from the Circuit Court of Pulaski County, Arkansas, on October 23, 2009, based upon diversity of citizenship. *See* 28 U.S.C. § 1332. On that same date, defendant filed counterclaims based upon breach of contract, promissory estoppel, detrimental reliance, and the Arkansas Deceptive Trade Practices Act, and sought declaratory relief.

Defendant contended that complete diversity of citizenship existed between the parties and that the amount in controversy exceeded the sum of $75,000.00. *See Id.* Plaintiff filed a timely Motion to Remand contending that as a state plaintiff, it cannot be a citizen of itself for purposes of diversity jurisdiction. For the reasons stated below, the Motion to Remand is granted (#5).

The parties do not dispute that the State of Arkansas cannot be a "citizen" of itself; thus, if the Arkansas Rural Medical Practice Loan and Scholarship <u>Board</u> ("Board") is an arm of the State of Arkansas, there is no diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Defendant contends that the Board waived its right to assert that the it is an arm of the state by accepting funds from private and non-state sources, by failing to participate in a previous state court case with facts similar to the ones in this case ("state case"), and by asserting a sovereign immunity defense in the state case. Defendant also contends that judicial estoppel should be applied to prevent the Board from arguing a position inconsistent with its position in the earlier state case. The defendant alternatively argues that the Board is not an arm of the state.

In the state case, the plaintiff argued to the state court that the Board was the real party in interest, and a necessary and indispensable party to adjudicate plaintiff's claims. The state court dismissed the Board as a third party defendant based upon the state's sovereign immunity. After reviewing the exhibits offered by defendant, the Court finds that neither the Board's pleadings or the state court's actions waived the Board's right to argue that it is an arm of the state in the instant case.

Judicial Estoppel is not applicable because the Board has not taken inconsistent positions. In the state case, the Board, as a defendant, raised sovereign immunity as a defense arguing that the suit against it was one against the state which had not waived its sovereign immunity. Here, as plaintiff, the Board makes the same argument using a different legal concept by contending that the Board is an arm of the State of Arkansas, which means it cannot be a citizen of itself for purposes of diversity of citizenship.

In *Wade-Lemee v. Board of Educ. Of City of St. Louis*, 205 Fed Appx. 477 (8th Cir. 2006), the Court of Appeals for the Eighth Circuit held that in determining whether an agency of the state was an arm of the state for Eleventh Amendment purposes that courts "must consider: (1) an agency's powers and characteristics under state law; (2) an agency's relationship to the state-its autonomy from the state and degree of control over its own affairs; and (3) whether any award would flow from the state treasury. *Id.* (Citations and quotation marks omitted).

The Court also stated that the vulnerability of the State's purse was the most salient factor in Eleventh Amendment determinations. *Id.* Here however, the analysis is not whether the Board is an arm of the state for Eleventh Amendment immunity purposes, but rather whether the Board is an arm of the state for diversity of citizenship purposes. Nonetheless, the Court believes that the analysis would be similar as the goal is to determine whether the Board is an arm of the state.

The Board is an agency of the State of Arkansas created by Act 131 of 1949 and Arkansas Code Annotated § 6-81-701, *et seq*. *See also* Ark. Code Ann. § § 6-81-710 (funding of loans by state appropriations) and 19-4-801 (definition of state agency for budgetary procedures). As a state agency, the Board is required to submit an annual operating budget to the Legislative Council for review, the Legislative Council determines the necessary amount of money from public funds required to carry on the functions of the Board, any Board proposed rule, regulation, revision, or amendments must undergo legislative scrutiny, and the Board is subject to annual Joint Legislative Audit Department audits. *See* Ark. Code Ann. § § 10-3-307, 10-3-309, and 10-3- 411. Arkansas Code Annotated § 6-81-702 states that the Board will "manage, operate, and control all funds and property appropriated or otherwise contributed" and that the Board will

"administer the Rural Medical Practice Student Loan and Scholarship Program and the Community Match Rural Physician Recruitment Program." *Id.*

Arkansas Code Annotated § 6-81-710 (a)(2) states:

> These funds, consisting of state appropriations so designated, revolving amounts received from repayment of loans and interest, and all funds and property and income therefrom received by the board under its authority to accept and apply gifts, bequests, and devises shall be held in trust and disbursed by the fiscal officers of the University of Arkansas for Medical Sciences for the aforesaid purposes.

Arkansas Code Annotated § 6-81-710(b) states:

> Funds collected as a result of a recipient's breach of a rural practice loan contract or community match loan contract shall be held in trust for the use of the Arkansas Rural Medical Practice Student Loan and Scholarship Program and the Community Match Loan and Rural Physician Recruitment Program, or as otherwise deemed appropriate by the board in its discretion, and disbursed by the fiscal officer of the University of Arkansas for Medical Sciences under this subchapter.

Defendant cites *Doe v. Nebrasha*, 345 F/3d 593 (8th Cir. 2003) for the proposition that by initiating suit or accepting funds from private and non-state sources waives the Board's right to be considered an arm of the state. In *Doe*, the Eighth Circuit found the state waived its sovereign immunity by agreeing to receipt of funds under the Rehabilitation Act because 42 U.S.C. § 2000d-7 specifically stated that in order to accept federal funds the state was required to waive its Eleventh Amendment immunity to certain claims. 345 F.3d at 598. In the instant case, there has been no specific waiver.

The Court of Appeals for the Eighth Circuit has found that simply accepting or authorizing the receipt of federal or other funds is not determinative of whether the Board is the alter ego of the state. *See Hadley v. North Arkansas Community Technical College*, 76 F.3d 1437 (8th Cir. 1996). In *Hadley,* the Eighth Circuit ruled that North Arkansas Community Technical College was an "arm" of the State of Arkansas because the state called it a state agency, ultimately provided state control of it and, most importantly, funded its general operations primarily from the state treasury. *Id.* Here the Board's powers and characteristics, its relationship to the state, and its control of funding calls for the same decision.

Defendant's argument that the Board has waived its right to claim that it is an arm of the state by filing suit in state court is also without merit. Filing suit in state court does not waive the Board's right to claim that a federal court lacks jurisdiction. The state invokes federal jurisdiction by filing suit in federal court or by agreeing as a defendant to remove the case to federal court. *See Skelton v. Henry*, 390 F.3d 614 (8th Cir. 2004). The Board has taken neither of this actions.

The Court finds that the Arkansas Rural Medical Practice Loan and Scholarship Fund is an arm of the State of Arkansas resulting in there being no diversity of citizenship. Without diversity of citizenship, the Court lacks jurisdiction.

The Clerk of the Court is directed to close the case and make the appropriate entries to remand Case No. 4:09CV00823 JMM back to Pulaski County Circuit Court, forthwith.

IT IS SO ORDERED this   30   day of December, 2009.

_____
James M. Moody
United States District Judge